**HLD-205**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3362
_____

IN RE: HARVEY PATRICK SHORT,
                                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 10-cv-01553)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
(Opinion filed:  November 3, 2010)
_____

OPINION
_____

PER CURIAM.

        Pro se petitioner Harvey P. Short seeks a writ of mandamus to compel the

United States District Court for the District of New Jersey to effect service of process of

the complaint he filed in March 2010.  For the reasons that follow, the writ will be

denied.

1

On March 24, 2010, Short filed a pro se complaint and motion to proceed in forma pauperis in the United States District Court for the District of New Jersey. He named Great Atlantic & Pacific Tea Company and Super Fresh Food Markets as defendants, and alleged that on or about January 14, 1988, defendants' employees intentionally and maliciously accused him of armed robbery. He was ultimately convicted of armed robbery and sentenced to 30 years in prison. His conviction and sentence were vacated in 1990 and he was re-convicted and re-sentenced to 15 years in prison. In 2007, his second conviction was vacated. He seeks to being an action for wrongful conviction, malicious prosecution, fraud, deceit, and violations of his Fourth and Fourteenth Amendment rights.

The docket reflects that the matter was assigned to Magistrate Judge Claire C. Cecchi. On May 14, 2010, Short filed a letter requesting information on whether defendants had been served. On July 8, 2010, he filed a second letter requesting that his complaint be served. On August 5, 2010, he filed a motion for the appointment of counsel. No other action is reflected on the docket. On August 10, 2010, Short filed a petition for a writ of mandamus, asking this Court to order the District Court to issue service of process.

The remedy of mandamus is reserved for the most extraordinary of circumstances. See DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953)). Here, petitioner seeks an order directing the District Court to issue service of process of his complaint, which has been filed with the Court since March 2010. As we have previously held, the management of its docket is committed to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

In Madden, there was a delay of seven months. Here, there has been a delay of six months. However, we are confident that the District Court will rule on Short's pending motions to proceed in forma pauperis and for the appointment of counsel and, if appropriate, order service of process, without undue delay. The petition for a writ of mandamus is therefore denied, without prejudice to Short's filing a new petition for a writ of mandamus, should the District Court fail to act expeditiously in this matter.

3